UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAIN RESTAURANT CO.,

      CIVIL ACTION NO. 04-CV-74239-DT

   Plaintiff,

      HONORABLE DENISE PAGE HOOD

v.

CARROLS CORPORATION,

   Defendant.
_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation dated October 24, 2005. Objections were filed by Plaintiff on November 4, 2005 and by Defendant on November 7, 2005. The Court has had an opportunity to review the Report and Recommendation and finds that the Magistrate Judge did not reach the correct conclusion.

The case presents a dispute between the parties over the terms of a written lease containing an option to purchase. The Lease Agreement at issue pertains to a restaurant property, located in Jackson, Michigan. The Magistrate Judge found that the lease contract states that it is the final written agreement of the parties and the parties agree that the language was jointly developed through negotiations. (R&R, p. 5) The Magistrate Judge notes that neither party argued that the purchase option is invalid or that Carrols has not exercised its option to purchase the property in accordance with the lease agreement. (R&R, p. 5) The Magistrate Judge further found that the terms of the lease agreement provide for the fair market value of the "Premises" to be determined by appraisal using the comparable sales approach. (R&R, p. 5) The parties disagree as to

whether the appraiser should determine the market value of the "Premises" based upon an assessment of the value of the land alone or the land with the building and improvements.  (R&R, p. 5)

In Michigan, the paramount goal when interpreting a contract is to give effect to the intent of the contracting parties.  *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63-64 (2000).  The court is to read the agreement as a whole and attempt to apply the plain language of the contract itself.  *Id*.  If the intent is clear from the language of the contract itself, there is no place for further construction or interpretation of the agreement.  *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 566 (1999).  A contract provision that is clear and unambiguous must be "taken and understood in [its] plain, ordinary, and popular sense."  *Mich. Mut. Ins. Co. v. Dowell*, 204 Mich. App. 81 (1994).  Unambiguous contract provisions are not subject to interpretation and must be enforced as written.  *Id*.  "The intention must be gathered, not from what a party now says he then thought but from the contract itself."  *County of Cass v. Lee*, 271 Mich. 491, 494-95 (1935).

If the contract sets forth definitions, the language must be interpreted according to those definitions. *See Cavalier Mfg. Co. v. Employers Ins. of Wausau (On Remand),* 222 Mich. App. 89, 94 (1997).  If a term is not defined in the contract, it is to be interpreted in accordance with its commonly used meaning. *Henderson v. State Farm Fire & Cas. Co.,* 460 Mich. 348, 354 (1999).  Clear and unambiguous language may not be rewritten under the guise of interpretation. *South Macomb Disposal Auth. v. American Ins. Co. (On Remand),* 225 Mich. App. 635, 653, 572 N.W.2d 686 (1997).  Courts may not create ambiguities where none exists.  *Id.*  Contract language is ambiguous when, after reading the entire document, its language can be reasonably understood in different ways. *Royce*

*v. Citizens Ins. Co.,* 219 Mich. App. 65, 70 (1996). "However, if a contract, even an inartfully worded or clumsily arranged contract, fairly admits of but one interpretation, it may not be said to be ambiguous or fatally unclear." *Michigan Twp. Participating Plan v. Pavolich,* 232 Mich. App. 378, 382 (1998). Likewise, a contract is not rendered ambiguous by the fact that a relevant term is not defined. *Henderson, supra* at 354.

The initial determination of whether the contract language is ambiguous is a question of law for the court to decide. *Rainbow Nails Enterprises, Inc. v. Maybelline, Inc.*, 93 F. Supp. 2d 808, 820 (E.D. Mich. 2000) (*citing Port Huron Educ. Ass'n MEA/NEA v. Port Huron Area Sch. Dist.*, 452 Mich. 309, 323 (1996). Once the court determines that the contract is ambiguous, it is subject to further construction or interpretation. "It is well settled that the meaning of an ambiguous contract is a question of fact that must be decided by the jury." *Klapp v. United Ins. Group Agency, Inc.,* 468 Mich. 459, 469 (2003). "In resolving such a question of fact, i.e., the interpretation of a contract whose language is ambiguous, the jury is to consider relevant extrinsic evidence." *Id.* "Looking at relevant extrinsic evidence to aid in the interpretation of a contract whose language is ambiguous does not violate the parol evidence rule." *Id.* at 470. Parol evidence bars language which adds to or detracts from the writing, but not evidence which merely ascertains the meaning of what the parties intended. *Id.* Ambiguity in a contract is resolved against the party who prepared it. *Lichnovsky v. Ziebart Int'l Corp.*, 414 Mich. 558, 566 (1999).

The term at issue is "Premises," set forth in Lease as follows:

> Lessor, in consideration of the rent to be paid and
> the covenants and agreements to be performed by Lessee,
> as hereinafter set forth, does hereby LEASE, DEMISE and

3

> LET the following described premises (hereinafter the ***"Premises"***) located at 1023 N. West Avenue, Jackson, MI 49202 and being and made a part hereof; together with all buildings, structures and other improvements whether now existing or hereafter erected thereon (hereinafter collectively the "Building") and all easements, rights of way, licenses and appurtenances thereto, and together with all rights and privileges in and about the Premises as may be necessary or convenient to the operation of Lessee's business at the Premises for the term and upon the conditions hereinafter set forth.

(Lease, p. 1)(emphasis added). The Purchase Option states as follows:

> 26. PURCHASE OPTION.
>
> (A) Lessor hereby grants Lessee the option to purchase the ***Premises*** (the "option") on the terms and conditions set forth herein. Lessee may give Lessor written notice (the "Option Notice") of its exercise of the Option at any time during the Lease Term after the tenth (10th) anniversary of the Commencement Date (the "Option Period").
>
> (B) The sale of the ***Premises*** to Lessee hereunder shall include all the right, title and interest, if any, of Lessor in and to any land laying in the bed of any street, road or avenue opened or proposed in front of or adjoining the ***Premises***, to the center line thereof, and all right, title and interest of Lessor in and to any award to be made hereafter in lieu thereof; and Lessor will execute and deliver to Lessee, at the closing or thereafter, on demand, all proper instruments for the conveyance of any such title and the assignment and collection of any such award.
>
> (C)(i) The price which Lessee agrees to pay, and which Lessor agrees to accept for the ***Premises*** (hereinafter, the "Purchase Price") shall be the "Fair Market Value" (as hereinafter defined) of the ***Premises*** as of the date Lessee delivers to Lessor the Option Notice (hereinafter, the "Option Exercise Date"). Fair Market Value shall be determined by the "appraiser" (as hereafter defined). The Fair Market Value of the ***Premises*** shall mean the value of the ***Premises*** as compared with sales of similar or comparable properties.

(Lease, ¶ 26)(emphasis added).

As the Magistrate Judge found, both parties agree that the contract is unambiguous. (R&R, p. 7) The Court agrees with this finding. Accordingly, under Michigan law, clear and unambiguous language may not be rewritten under the guise of interpretation. *South Macomb Disposal Auth.,* 225 Mich. App. at 653. The Court, therefore, cannot go beyond the contract language to determine the meaning of the provision. If a term is defined, that term must be interpreted according to those definitions. *Cavalier Mfg.,* 222 Mich. App. at 94. Both parties agree the term "Premises" is defined in the Lease Agreement as the property located at 1023 N. West Avenue, Jackson, MI 49202 and more particularly described in "Schedule A." (Lease, p. 1) Both parties also agree that "Building" is defined as "all buildings, structures and other improvements whether now existing or hereafter erected thereon." (Lease, p. 1) Plaintiff's argument that the term "Premises" referred to both the land and all improvements located thereon, including the building, would mean that the Court must go beyond the definition set forth in the Lease. The Court notes that the terms "Premises" and "Building" are separated by a semicolon. A "'[s]emicolon' is defined as 'the punctuation mark (;) used to indicate a major division in a sentence where a more distinct separation is felt between clauses or items on a list than is indicated by a comma, as between the two clauses of a compound sentence.'" *People v. Beardsley,* 263 Mich. App. 408, 413 (2004) (*citing Random House Webster's College Dictionary* 116 (1997)). The semicolon means that the parties intended to more clearly divide the term "Premises" from the term "Building." If the Court were to interpret "Premises" to include "Building," the Court would have to add the term "include" or "including" to the

5

definition, which the Court cannot do since the terms are expressly defined in the Lease.

The Lease contains a merger clause in ¶ 27 which states, "[t]his Lease sets forth the entire agreement between the parties and no amendment or modification of this Lease shall be binding or valid unless expressed in a writing executed by both of the parties hereto." (Lease, ¶ 27)  Under Michigan law, a merger clause in a contract precludes a party from introducing parol evidence to contradict or vary the written agreement. *UAW-GM Human Resource Center v. KSL Recreation Corp.,* 228 Mich. App. 486, 499 (1998). The parol evidence rule provides that, "[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *Schmude Oil Co. v. Omar Operating Co.,* 184 Mich. App. 574, 580 (1990).  The Court, therefore, cannot use any evidence submitted by any party of prior contract negotiations to determine the meaning of a term, which the Court finds is clear and unambiguous.

As to Plaintiff's objection that Defendant should not receive credit for leasehold improvements, Defendant responds that it was not arguing that it is entitled to credit for leasehold improvements under the Lease's plain language.  (Def. Resp. to Obj., p. 3) Defendant only requests to credit for leasehold improvements if the Court were to agree with Plaintiff's interpretation of the term "Premises" to include "Building."

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation **(Docket No. 62, filed October 24, 2005)** is ACCEPTED IN PART and REJECTED IN PART as more fully set forth above.  The Court rejects the Magistrate Judge's finding that the term "Premises" is ambiguous.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Docket No. 30, filed June 10, 2005)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **(Docket No. 42, filed July 13, 2005)** is GRANTED.

IT IS FURTHER ORDERED that the Motion for Leave to File an Amended Reply to Response to Motion to Dismiss for Lack of Ripeness, or, in the Alternative, Stay and Other Relief **(Docket No. 28, filed May 27, 2005)** is MOOT.

IT IS FURTHER ORDERED that the Motion to Coordinate Hearing and Extend Briefing Schedule **(Docket No. 37, filed June 30, 2005)** and the Motion to Amend Trial Schedule **(Docket No. 60, filed September 20, 2005)** are MOOT.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED and Judgment entered in favor of Defendant/Counter-Plaintiff on its Counterclaim against Plaintiff/Counter-Defendant.  The Court declares that the term "Premises" means the premises located at 1023 N. West Avenue, Jackson, MI 49202 and being more particularly described on Schedule A.

      /s/ DENIS PAGE HOOD
      DENISE PAGE HOOD
      United States District Judge

DATED: March 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2006, by electronic and/or ordinary mail.

      s/William F. Lewis
      Case Manager